**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELDRIGE HAWKINS,<br><br>      Plaintiff,<br><br>      v.<br><br>CHIEF JUSTICE STUART RABNER, *et al.*,<br><br>      Defendants. | No. 26cv2303 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On March 4, 2026, *pro se* Plaintiff Eldridge Hawkins filed a complaint against a dozen Defendants, alleging that these Defendants have conspired against him to deprive Plaintiff of his constitutional rights.  D.E. 1 ("Complaint").  Plaintiff brings claims under a litany of federal and state laws, including:  42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988; the First, Fourth, and Fourteenth Amendments of the United States Constitution; the Americans with Disabilities Act; the Rehabilitation Act; the Age Discrimination in Employment Act; the New Jersey Law Against Discrimination; and the Conscientious Employee Protection Act.  *See generally id.*  In addition, Plaintiff brings supplemental state-law claims including defamation, false light, fraud on the court, and interference with contract.  *Id.*

The next day, Plaintiff filed an *ex parte* motion for a temporary restraining order.  D.E. 2-1 ("TRO Motion").[1]  In his TRO Motion, Plaintiff accuses Defendants of "engaging in a coordinated campaign of retaliation, discrimination, and fraud upon the Court to destroy the

---

[1] The Court refers to Plaintiff's memorandum in support of his TRO Motion as his Motion.  The notice of motion is filed at D.E. 2.

livelihood, reputation, and constitutional rights of" Plaintiff, an 85 year old attorney with a partial physical disability. *Id.* at 1-2.

It appears the harm that Plaintiff seeks relief from is an order from the Office of Attorney Ethics of the Supreme Court of New Jersey dated January 26, 2026, which ordered Plaintiff to submit to a medical examination by a licensed medical doctor and indicated that Plaintiff's failure to do so would result in the immediate suspension of Plaintiff's license to practice law. D.E. 2-4 at 2.[2] A subsequent letter dated February 24, 2026, directed Plaintiff to produce medical information in connection with the previously ordered medical examination and set the deadline for him to do so as March 6, 2026. *Id.* at 5.

In his TRO Motion, Plaintiff has asked the Court to, at a minimum:

1. Enjoin enforcement of the January 26, 2026 and February 24, 2026 compelled examination orders;

2. Enjoin the OAE from requiring production of Psychiatric and Neurological records; and

3. Enjoin the OAE from imposing disciplinary consequences for noncompliance pending appeal.

TRO Motion at 41.

The Court has reviewed the TRO Motion, as well as all other filings on the docket, and decides the TRO Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** the TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

---

[2] The Court uses the page numbers automatically generated by CM/ECF.

**I.      ANALYSIS**

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO *and* (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)) (emphasis added).

Plaintiff has failed to comply with the notice requirement of Rule 65(b)(1).  Plaintiff has not certified in writing any effort made to give notice of his filings and the reasons why it should not be required.  "Failure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone to deny" Plaintiff's TRO Motion.  *Scott v. Fam. Dollar Stores*, No. 20-773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020); *see Noorhasan v. De Jongh*, No. 11-21, 2011 WL 1033704, at *3 (D.V.I. Mar. 21, 2011).

The Court's denial of the TRO Motion on these grounds is non-technical.  Indeed, "the Supreme Court has indicated that this notice requirement is more than a mere procedural formality; instead, rule 65(b)'s stringent restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974)).

While "[t]he Court has a 'duty to be mindful of a litigant's *pro se* status when examining pleadings filed by a *pro se* litigant[,]' . . . a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements." *Khalfani v. Way*, No. 24-7749, 2024 WL 4366916, at *3 (D.N.J. Oct. 1,

3

2024) (quoting *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018)), *reconsideration denied*, 2024 WL 4501813 (D.N.J. Oct. 16, 2024).  This is especially true here when Plaintiff makes clear he is an experienced attorney and purportedly is the principal author of New Jersey's Criminal Code.  Complaint ¶ 4.

In sum, Plaintiff's TRO Motion is devoid of any certification of any efforts made to give notice to Defendants of the TRO Motion or any explanation as to why notice should not be required.  *See* TRO Motion.  For that reason, the Court will therefore **DENY** Plaintiff's TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

## II.    CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **5ᵗʰ** day of March 2026,

**ORDERED** that Plaintiff's TRO Motion, D.E. 2, is **DENIED**; it is further

**ORDERED** that Plaintiff may re-file the TRO Motion as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

_____
Evelyn Padin, U.S.D.J.

4